# EXHIBIT "C"

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.
_________________________________/

**DEFENDANT'S EMERGENCY MOTION TO DETERMINE CONFIDENTIALITY OF COURT RECORDS AND FOR TEMPORARY RESTRICTED ACCESS**

Defendant, Deepika Reddy (**Defendant** or **Ms. Reddy**), by and through undersigned counsel, respectfully moves this Court on an emergency basis for entry of an order determining the confidentiality of certain court records and directing the redaction of personal identifying information from the public docket, complaint, and exhibits. In support, Defendant states:

## I. SCOPE OF APPEARANCE AND RESERVATION OF RIGHTS

Defendant appears specially and solely for the limited purpose of seeking emergency confidentiality and redaction relief. This limited appearance does not constitute a general appearance in this action. Defendant expressly reserves and does not waive any defense, objection, or right, including but not limited to: (1) lack of personal jurisdiction; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper venue; (5) lack of subject-matter jurisdiction; (6) the right to remove this action to federal court under 28 U.S.C. §1441; (7) relief under Florida's Anti-SLAPP statute, Fla. Stat. §768.295; and (8) all merits defenses including failure to state a claim.

Nothing in this motion or any order entered on this motion shall be construed as a waiver of any defense, a general appearance, or consent to the jurisdiction of this Court over Defendant's person or property.

## II. BACKGROUND

On August 26, 2026, Plaintiff Broad Street Global Management LLC filed a complaint for defamation per se against Defendant in this Court. The complaint and its exhibits contain Defendant's personal identifying information, including her residential address and an appraisal or valuation report disclosing the estimated value of her home. These materials are part of the public court file and are accessible to any member of the public.

Plaintiff's representatives promptly disseminated the complaint by email on August 26, 2026 to Defendant and numerous third parties. *See* Exhibit A (August 26, 2026 email from Broadstreet attaching the complaint). The dissemination of Defendant's home address and home valuation in a publicly filed lawsuit creates immediate and ongoing risks to Defendant's personal safety and privacy.

## III. LEGAL STANDARD

Florida Rule of General Practice and Judicial Administration 2.420 governs public access to judicial-branch records. Under rule 2.420(d)(3), a filer or interested person who in good faith believes that information is confidential under subdivision (c), even though it is not itemized in subdivision (d)(1), may file a written motion to determine confidentiality under the trial-court procedures in subdivision (e). The motion must identify the particular records or portions of records at issue without revealing the information, state the legal and factual basis for confidentiality, and include a signed certification that the motion is made in good faith and

supported by a sound factual and legal basis. Any restriction must be limited to the confidential information, identify permitted access, and use no broader measure than necessary.

## IV. ARGUMENT

### A. Good Cause Exists to Redact Personal Identifying Information

The complaint and its exhibits publicly disclose: (1) Defendant's residential street address; and (2) an appraisal or valuation of Defendant's residence estimating its value at approximately $6 million. This information serves no legitimate purpose in the adjudication of Plaintiff's defamation claims. Plaintiff's inclusion of Defendant's home address and home value appears calculated to harass, intimidate, or expose Defendant to financial targeting and safety risks.

Plaintiff has already broadcast the complaint, including these personal details, to a wide audience by email. *See* Exhibit A. Public availability of the home address and valuation on the court docket compounds this harm by enabling any person to locate Defendant's residence and assess the value of her property.

Moreover, the Zillow page that Plaintiff attached to the complaint does not identify Defendant Deepika Reddy as the owner. In fact, the property is owned by an LLC, not Ms. Reddy personally, and the email address associated with the property belongs to the LLC, not Ms. Reddy. Plaintiff's connection between Ms. Reddy and the residence stems from private information that Ms. Reddy was required to share with Plaintiff to be an investor and from Plaintiff's own agent, Akhil Morada, visiting the property. There is nothing public connecting Ms. Reddy to this property until Plaintiff filed this complaint. There is a meaningful distinction between publicly available information about a property and affirmatively linking that property to a particular individual in a publicly filed complaint.

### B. Redaction Will Not Impair Public Access to the Proceedings

Redaction of Defendant's residential address and the home-valuation exhibit will not impair public access to the substance of this proceeding. The address and valuation are not elements of any claim or defense. The complaint's factual allegations, legal theories, and prayer for relief will remain fully accessible. The requested relief is narrowly tailored to protect personal safety and privacy while preserving the presumption of open court records.

## V. BASIS FOR EMERGENCY RELIEF

Emergency consideration is warranted because the personal identifying information is publicly accessible on the court docket now. Each day of continued public exposure increases the risk of harm. Defendant respectfully requests that the Court consider this motion on an expedited basis and enter the proposed order before further dissemination occurs.

Pursuant to Florida Rule of Civil Procedure 1.202, counsel certifies that he conferred with Plaintiff's counsel and Plaintiff opposes the relief requested in this motion. Thus, the effort did not resolve the need for immediate relief because the information remains publicly accessible and further delay risks additional dissemination and harm; emergency relief therefore remains necessary.

Defendant will file this motion and the supporting papers through the Florida Courts E-Filing Portal and, after filing, submit the filed motion and the proposed order through courtMAP under the applicable Emergency Motion and Proposed Order submissions. Any document containing the unredacted residential address or home-valuation information will be submitted only in the manner permitted by Rule 2.420 and applicable clerk procedures.

## VI. RELIEF REQUESTED

Defendant respectfully requests that this Court:

1) Temporarily restrict public access to the portions of the complaint and exhibits that disclose Defendant's residential street address or home-valuation information pending the Court's determination of confidentiality.

2) Direct the Clerk to redact Defendant's residential street address from the complaint, all exhibits, and any other publicly filed document in this case in which it appears.

3) Direct the Clerk to restrict public access to Exhibit A to the complaint, or alternatively to redact from that exhibit Defendant's residential address and the home-valuation figure.

4) Order Plaintiff to file redacted versions of the complaint and exhibits omitting Defendant's residential address and home-valuation information, enter the proposed order attached hereto, and grant such other relief as the Court deems just and proper.

**GOOD-FAITH CERTIFICATION REGARDING CONFIDENTIALITY**

Counsel certifies in good faith, based on information reasonably available to Defendant and counsel, that the residential address and address-linked home-valuation information identified in this motion are confidential, that public disclosure could create safety, privacy, harassment, and financial-targeting risks, and that the requested relief is no broader than necessary to protect those interests. Counsel further certifies that, if this motion is denied, the subject material will not be treated as confidential by the Clerk.

*/s/ Andrew M. Greenidge*
Andrew M. Greenidge, Esq.

Date: September 28, 2026

Respectfully Submitted,

**EPPERSON & GREENIDGE, P.A.**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
T. 877.445.9261
*/s/ Andrew M. Greenidge*
**ANDREW M. GREENIDGE, ESQ.**
Fla. Bar No. 0016581
andrew@eppersongreenidge.com
greenidgelaw@gmail.com
*Counsel for Defendant Deepika Reddy*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing was filed electronically and served via e-mail on September 28, 2026 to: Lorne E. Berkeley, Esq., Berkeley Law, P.A. at Lorne@BerkeleyLawFL.com.

*/s/ Andrew M. Greenidge*
Andrew M. Greenidge, Esq.

# EXHIBIT "A"

Gmail

Niharika Reddy <96nreddy@gmail.com>

# Re: Subject: BROADSTREET SUES REDDY

**Info@BroadStreet Info** <info@broadstreetglobalfund.com> Wed, Aug 26, 2026 at 1:35 PM
To: deepika reddy <deepamhome68@gmail.com>
Cc: Akhil <akhilmorada@gmail.com>, Alex Joseph <ajoseph@nuvivaweightloss.com>, Melissa Lisboa <melissalisboa722@gmail.com>, stella davidi <stelladavidi5@gmail.com>, Hitesh Dalal <hiteshrdalal@gmail.com>, deepika reddy <deepikareddydds@gmail.com>, matthew@mctimberco.com, Joel Desilets <joeldesilets@gmail.com>, sumit.patel333@gmail.com, Alex Cavegn <acecjc@optonline.net>, patelmoni@gmail.com, ABBAS LAXMIDHAR <lux754@aol.com>, Abdul Quadir <iamquadir@gmail.com>, pashah1956@icloud.com, pashah1956@gmail.com, abrahamsternk@gmail.com, Adam Offman <ao@dwightcap.com>, David Adams <david_adams12@hotmail.com>, Addison Giannini <addison.giannini@gmail.com>, Aditya Chopra <adichopra1971@hotmail.com>, Nikku Jain <nikku.ajain@gmail.com>, Ahmad Nazem <nazemahmad56@yahoo.com>, aimee5248@yahoo.com, carlos@airlinkdistribution.com, Ajay Ajmera <aj.ajmera@gmail.com>, Ajit Jacob <ajacob2@gmail.com>, "Akhil A. Dahya" <akhildahya@gmail.com>, Akhil Kumar Agarwal <akhilagarwalmd@gmail.com>, akhil.k.agarwal7@gmail.com, Albert Nino Grigorov & Nina Grigorov <albertgrigorov@gmail.com>, Alex Perchuk <alex.perchuk@gmail.com>, alex750134@gmail.com, "Alexander Zedlovich (IRA)" <zedlovichalex@gmail.com>, Alfonse Vaiano <eagle2626@aol.com>, "Alfred J. Conan III" <irishdigger50@gmail.com>, spoonia@hotmail.com, Yatin Khanna <yatinkhanna@gmail.com>, Amardeep S Grewal <grewalbilly@gmail.com>, amee.hazari85@gmail.com, amir@pointcapitalservices.com, Amit Jaiswal <altusresources@gmail.com>, Amit Kapoor <tanitm@hotmail.com>, Amit Patel <aamitp.05@gmail.com>, Amit Patel <amitpatel0593@gmail.com>, Amitabh Sharma <aaam@bellsouth.net>, Avinash Mandsaurwale <avinashmandsaurwale@gmail.com>, Amruta Mandsaurwale <amrutamandsaurwale@gmail.com>, Anagha Koshti <akoshti@gmail.com>, aforjuela@gmail.com, Andres Ryes <anmiresj@aol.com>, Andrew Spillum <aspillum@eidebailly.com>, Andrew Wilcox <arw168@gmail.com>, Rajan Kadakia <rajankadakia@gmail.com>, Anil Bhakta <albhakta@gmail.com>, anilhokie92@gmail.com, "Anilkumar D. Patel Irrevocable Trust" <neilpatel2720@gmail.com>, alagiri anitha <alagirianitha@gmail.com>, Anjan Patel <axjxn@yahoo.com>, Ankeet Shah - Continental Pearl <ankit@continentalpearl.com>, Ankit Trivedi <atrive@gmail.com>, Ankur Gupta <ankursumit@gmail.com>, Anthony Cappello <gizzardeach@comcast.net>, Anthony Grasso <tonygrasso7@gmail.com>, "Anthony M. Musto Grantor Retained Annuity Trust c/o Patricia Thomas Trustee" <tonymusto@aol.com>, "Anthony M. Musto Grantor Retained Annuity Trust c/o Patricia Thomas Trustee" <trisht77@hotmail.com>, Anwar Masood <kids@clarksburgpediatrics.com>, arrietagp@gmail.com, kishoreapoorv@gmail.com, Apti Morada <aptimorada@gmail.com>, Minesh Mistry <minesh.mistry@arguscgit.com>, Mark Dante <markadante35@gmail.com>, Raj Patel <drrajpatel2023@gmail.com>, Arup Maitra <pandared1010@yahoo.com>, "Arvind S. & Dharmista Patel" <issopat04@yahoo.com>, hemang patel <hemangfpatel@gmail.com>, "Ashok J. Sheth" <ashshe6@aol.com>, alexpatel1018@yahoo.com, GITA SHAH <gita1456@yahoo.com>, Andy Dakoriya <andydakoriya@gmail.com>, ljshapiro415@gmail.com, Aswin Ghandhi <aswin45@hotmail.com>, Atul Maini <atul_shyla@yahoo.com>, William Eng <willeng001@gmail.com>, Bakul Patel <drbkp1124@gmail.com>, "Balbir S. Bhatti" <balbirbhatti@sbcglobal.net>, Balmukund Patel <balmukund_patel@yahoo.com>, bandish1991@gmail.com, "Bankim J. Patel" <drbj58@bellsouth.net>, bansari.gadhvi@gmail.com, "Robert W. Barletta, Sr." <rwbarletta@msn.com>, Barry Herman <biherm@yahoo.com>, Andre Bauer <andre@andrebauer.com>, Bensimhon Trust <raogb55@yahoo.com>, berisdavis@hotmail.com, bjinwala@hotmail.com, Bhargav Bappudi <bhargavbappudi@gmail.com>, Chandrasekhar Cherukupalli <chandrabhargavi@yahoo.com>, Bhavin Patel <patelbhavin40@gmail.com>, Kinjalkumar & Bhumika Patel <bkp0613@gmail.com>, Bhupendra Rathod <bhupen302@gmail.com>, A Jonas <avj123@msn.com>, brad.newton@aptean.com, /brad@bradandsusan.com, Brandon Jones <eatmorchikn777@gmail.com>, brenda bauer <brenbauer@gmail.com>, Brent Allard <brentshermana@gmail.com>, brentcod@charter.net, Brian Jost <bri1234z@gmail.com>, Brian Mancini <bmancini77@gmail.com>, brijeshjayana@gmail.com, Brijesh Gajjar <bmgajjar4@gmail.com>, Bobby P <bobby.patel08@gmail.com>, albert@altsfo.com, Jignesh Patel <jigneshmpatel@hotmail.com>, Bryler LLC <agreen@bryler.com>, Carl Smith <carl7501@gmail.com>, "Chad L. Jernigan" <cjernigan@gmail.com>, Charles Disalvo <cjds52996@aol.com>, Charles Picciotto <cejpitch@aol.com>, Charmi Desai <charmigdesai@gmail.com>, chaskelfrankl@gmail.com, ouimeteric1@gmail.com, Chetan Patel <cvpatel49@gmail.com>, "Chhaganbhai & Ruxmani C. Patel" <chhaganpatel@yahoo.com>, chhaya.patel17@yahoo.com, chirpara1975@gmail.com, Chirag Patel <chiragcpatel@gmail.com>, Chris & Karen Vacek <chris.j.vacek@gmail.com>, Christian Coluccio <cfc1125@aol.com>, chrissy1370@mac.com, chrisrawlings@spara.cpa, Christopher Calise <ccalise@cpwcapital.com>, Chris Carozza <chriscarozza@gmail.com>, Chris Singleton <chrissingleton1973@gmail.com>, chris@montarion.com, claus@martyakmarcussen.com, "Julius W. & Constance L. Garvey" <clgarvey33@gmail.com>, catekha@frontiernet.net, cml30303@aol.com, "Crazy Heart, LP" <allen.brentf@gmail.com>, dana.mccracken@gmail.com, Daniel Wasserman <wassermandanny@gmail.com>, Danyal Khan <danyalkhan@hotmail.com>, deepak423@gmail.com, Kal Patel <ranija1@gmail.com>, darshitrt@gmail.com, datvu21@yahoo.com, David Houghton <houghtond@msn.com>, davenoodlez@gmail.com, davewil23@hotmail.com, David Ally <david.ally@gmail.com>, klackencorp@aol.com, Mages <dave@steelcraftllc.com>, David Fuhs <david-fuhs@msn.com>, k_b@bellsouth.net, Dean Giasi <dean@apollojets.com>, deberahui@gmail.com, deborahursino@sbcglobal.net, Deena Youssef <youssef.deena@gmail.com>,

dela.leybovich@gmail.com, Demetrio William Smith <deesmith@deesail.com>, Dennis Cosgrove <ceyes@citlink.net>, Derreck Korbecki <ddkorbe@gmail.com>, neelpatel@live.com, devendra patel <devendra45@gmail.com>, Dj jinwala <djinwala2671@gmail.com>, "Dharmesh R. Patel" <dharmesh224@gmail.com>, Dharshun Sharma <dharshun.sharma@gmail.com>, dhiren.nayak@gmail.com, Dhiren Patel <dizpatel@gmail.com>, Digant Nanavati <nanavati.digant@gmail.com>, dinesh@texasautotrim.com, "Dineshbha V. Patel" <18sunilpatel@gmail.com>, hemdip56@yahoo.com, dipak5155@gmail.com, dipak patel <dipakcolo1@hotmail.com>, "Drae Wilson (IRA)" <drae1994@hotmail.com>, Nina Grigorov <ninagrigorov@yahoo.com>, Amy Plenger <aplenger@gmail.com>, drshapbark@aol.com, Ashley Courtney <ashleycourtney1011@gmail.com>, barialatterman@yahoo.com, Jasmin Bernard <bernardjasminnyc@gmail.com>, benpatel100@gmail.com, bbattipaglia1@gmail.com, Michael Branchflower <mgbranchflower@hotmail.com>, brian.lannan@gmail.com, littlec007@aol.com, cason beatty <cason.beatty38@gmail.com>, "Corey C. Kuhn" <jkuhn15@comcast.net>, David Tordjman <david@tordjmangroup.com>, dharmistanp@gmail.com, "Naresh B. Parbhoo" <nparbhoo@aol.com>, Don Johnson <djohnson1227@gmail.com>, dwynep@gmail.com, Ed Faas <edfaas12@yahoo.com>, eddieg33@gmail.com, Orville Earl & Christina Elliott <eelliott@sackrider.com>, gabriel.migdal@gmail.com, Gautam Desai <gdesai717@gmail.com>, gsoorae99@yahoo.com, hemal_atl@yahoo.com, jalen.wilson@hotmail.ca, James McCauley <jmccauley21@gmail.com>, James & Ellen O'Halloran <jim.ohalloran7@gmail.com>, Jason Bright <jason.bright@brightsmithadvisors.com>, furgalaj@yahoo.com, jeff.coulter@yahoo.com, Jeff Stowe <sqhead33@yahoo.com>, jensingleton18@yahoo.com, Jiten Patel <g10_1104@yahoo.com>, Joann Ness <jness624@gmail.com>, John stanzione <stanzin7@aol.com>, Joseph Rizzuto <joseph1224@aol.com>, jfkjost19@outlook.com, Chris & Karen Vacek <vacekkaren@gmail.com>, Karishma Patel <k1patel@hotmail.com>, Kathy Branchflower <kbranchflower@hotmail.com>, Molly Kreisher <molly.naun@comcast.net>, Laurie Oaks <laurieoakes09@gmail.com>, mahekbhargava13@gmail.com, sherman2maxrealty@gmail.com, Manish Jain <manishjn@gmail.com>, manish patel <manishrx@hotmail.com>, bhargava_manisha@yahoo.com, Marc Alaia <m2@alaia.net>, Meena Handa <meenahanda@gmail.com>, Melissa Jost <melissamjost@gmail.com>, mayo.csp@gmail.com, Michael OSullivan <michaelosullivan1917@gmail.com>, "Nicholas Mancini (IRA)" <mancini@outlook.com>, Nick Plenger <njplenger@gmail.com>, nimesh@remaxfine.com, Patricia Grabill <tgrabill33@gmail.com>, Rachel Faas <burrik7@hotmail.com>, Rajesh Bhargava <rajeshb71@yahoo.com>, desai6167@gmail.com, Ralph Cuomo <ralphcuomo73@gmail.com>, Ramesh Adhiraju <renu-ca@comcast.net>, galileopropertiesllc.houston@gmail.com, rossandrewmiller@yahoo.com, Ruth Beck <ruthkentbeck@hotmail.com>, sinzelbuch@gmail.com, shariswainbank@gmail.com, Shelley Melrose <sdmel28@gmail.com>, strevor706@gmail.com, Steve Benjamin <stevebenj5@gmail.com>, Steven Sconzo <ssconzo1@gmail.com>, Sunny Handa <suntrade1@gmail.com>, swatimalik78@gmail.com, TED CAPUTO <firstresponderproperties@gmail.com>, Thomas Castellano <erintomc@msn.com>, Todd Kreisher <tkreisher@hotmail.com>, Sum Investments LLC <ubp1967@gmail.com>, Valerie Seid <valerie.seid@gmail.com>, VEENISHA PATEL <veenisha@hotmail.com>, Vinod Dadhania <vinod@dadhania.net>, divyangkumar.patel@yahoo.com, Rahul Dixit <rahuldixit312@gmail.com>, Minesh Patel <minesh@remaxfine.com>, Kunal <kunal.lalwala@gmail.com>, dom48r@yahoo.com, dmrconsultantsllc1@gmail.com, shilpamediwala@gmail.com, Dushyant Patel <rajadush@aol.com>, dpeccora@ftbenddental.com, "Eddie R. Fischer Revocable Trust DTD 1-24-75" <efischer@vistapaint.com>, Anne Matthews <eamatthews1954@gmail.com>, Elvis Rizvic <elvisservices@hotmail.com>, Eric Himy <eric@dreamdirect-llc.com>, erjmartin@gmail.com, ericd1178@hotmail.com, Eric Van Trump <ericvantrump@gmail.com>, Eric Liebich <eric.liebich@gmail.com>, erick0308@hotmail.com, "Everton L. Arrindel" <evertonarrindell@gmail.com>, Faraz Khan <farazmk@yahoo.com>, Manish M Patel <mpatel2292@yahoo.com>, fnd21@icloud.com, fabreu71@gmail.com, Linda Sanderson <dhplinda@hotmail.com>, sapcorp@gmail.com, Francisco Pernas <fpernas@yahoo.com>, Gabor Rubanyi <grubanyi@gmail.com>, Gary Moyers <gary_moyers@magnetresources.com>, "GC of Fayetteville, Inc." <bgibson6970@gmail.com>, 5784873@gmail.com, Gerald Gainant <ggainant@gmail.com>, Gerry Grealish <gibba22879@yahoo.com>, garytrive@gmail.com, Neilesh C Patel <nileshp2073@gmail.com>, vanguardiapr.ath@gmail.com, "Gopikrishna V. Reddy & Usha Reddy Vankataouram" <gopikrishnareddy419@gmail.com>, Greg Barra <gbarra@boydcommercial.net>, Gregory Taylor <gregtaylor12@msn.com>, heygreg107@gmail.com, sandhug08@gmail.com, haarismir@gmail.com, Hamid Mangalji <hamid@cardinalseniorcare.com>, "Hamish T. Chandola" <hamish.tushar@gmail.com>, Hansal & Kinnari Patel <hansalpatel@gmail.com>, Rinkal Patel <hppatel1@hotmail.com>, hvallu@gmail.com, hdpatel4481@gmail.com, hlakhani@lakhanijordan.com, Harshal Nanavati <hnanavat@gmail.com>, harsha0791@gmail.com, Harshit Patel <harry.0209@gmail.com>, accforlife007@gmail.com, Hasan Ibrahim <hasan@hmiproperty.com>, Heidi Scanlan <heidiscanlan@gmail.com>, Hemant Patel <hemantpatel3@gmail.com>, hetal shah <hetalkruti@yahoo.com>, raj@myluxemaison.com, Mayank Patel <perfectbabycare@yahoo.com>, Hina Chadha <hchadha002@yahoo.com>, hinapatel924@gmail.com, parekhrealty@gmail.com, Hitesh Patel <patelhsg@gmail.com>, michael@hrgsolution.com, dr.trope@wellnesstp.com, ilanaizsak@gmail.com, indyb@live.com, indraneilm@yahoo.com, patel_dipesh69@yahoo.com, Robert Walker <rwalker@transnuvation.com>, Irtiza Samma <irtizasamma@yahoo.com>, Zet Zabelaj <izetzabelaj5@gmail.com>, Chris Jones <cjones417@aol.com>, "Jackson S. Leggett" <jackleggett007@gmail.com>, jackie baldassarra <jmb12980@yahoo.com>, jkjose87@gmail.com, jake_cuomo@aol.com, "Jalpesh R. Patel" <jalpeshpatel@gmail.com>, James Andrew Ho <andrewho513@gmail.com>, jim@brushconstruction.net, jamessul@gmail.com, jamesoperry3@gmail.com, Buddy smith <huntsmith@live.com>, janakdesai2012@gmail.com, Janki Patel <pateljanki12@gmail.com>, robertsonjarred21@gmail.com, J D <breed357@hotmail.com>, Jason & Mary Okuley <dr_jay653@yahoo.com>, Jason Kirby <kirby22@hotmail.com>, jaxandkiss@gmail.com, jayp0991@gmail.com, "Jay Jamuna LLC, Jatin Mehta & Ashok Shah, Managing Members" <ashokdshah2453@yahoo.com>, pateljay26@gmail.com, Jay Krishnavadan Patel <jpatel9708@gmail.com>, Jay Pankajkumar Desai <jaydesa47@gmail.com>, pateljaylen@gmail.com, Jaynisha Anilkumar Patel <patel.jaynisha24@gmail.com>, mrh3535@bellsouth.net, "Jeffrey F. Montemurro & Christine Montemurro" <murro2006@gmail.com>, "Jeffrey C. Allard" <manomed@aol.com>, jenpado@me.com, "Jerome L. Fischer"

<jfischer@vistapaint.com>, John Kuhn <jfkuhn123@gmail.com>, Jigar Prajapati <jigarnprajapati@gmail.com>, Jignesh Acharya <jignesh@foothillscpas.com>, Jignesh Shah <jshahmd@gmail.com>, krumerman@gmail.com, htj926@aol.com, Jimisha Shah <jimishashah19@gmail.com>, Jit Patel <jhpatel00@gmail.com>, Jiten Naresh Parbhoo <jitenpa@umich.edu>, Lynn Jerath <ljerath@gmail.com>, Jitesh Patel <jpatel0220@gmail.com>, "Jivraj S. & Narmada, J. Patel" <jspatel218@gmail.com>, John Abraham <johnabrahamx5@gmail.com>, "John C. Dunn" <john_dunnn@yahoo.com>, John Dameron <jdameron1@me.com>, Doug Dillon <stoli1@pacbell.net>, Jonathan Pappas <jpappas88@yahoo.com>, Jonathan Cheng <joncheng913@gmail.com>, Marlee <jonathanparkin@yahoo.com>, Jonathan Reusch <jon@kwlakeside.com>, nardelli33@yahoo.com, Joseph Iacona <myrealtor@joeiacona.com>, joseph.teper@gmail.com, "PV@nutechbio.com" <PV@nutechbio.com>, "rahul@nutechbio.com" <rahul@nutechbio.com>, "96nreddy@gmail.com" <96nreddy@gmail.com>

Ms. Reddy, attached is a lawsuit filed against you today. The lawsuit speaks for itself. We have tried to be quiet and professional in response to your tirade, however, as the lawsuit is public record, we want the world to know that this is the only statement we will be making and we will let the court handle this matter. We greatly look forward to our day in court against you as your improper conduct will be properly dealt with before a legal tribunal. Thank you.

Thank you,
**The Broadstreet Global Team**

BROADSTREET GLOBAL
211 N. Main St.
Greenville, SC 29601
Office: 833-274-3863
info@broadstreetglobalfund.com
broadstreetglobal.com

IMPORTANT NOTICE: This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to vendors, partners, principals, or third party agents or representatives from any employee, agent, or principal of Broadstreet Global Fund LLC or its affiliates presumptively contain information that is confidential and may be legally privileged. Broadstreet Global Fund LLC is a limited liability company organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of its members.

This message and any attachments may be privileged, confidential, and/or exempt from disclosure by law. If you are not the intended recipient of this message, please do not read, copy, forward, or store this message, and please immediately notify the sender (including with such notice a copy of the email that was improperly received) and destroy the original message, any attachments, and all copies thereof without disclosing, copying, distributing, using, or relying on its contents. Any comments or statements made herein do not necessarily reflect those of Broadstreet Global Fund LLC or its affiliates (collectively, "BSG") and do not constitute investment advice, commitments to contract or pay fees of any kind. Unless specifically indicated, this message is not an official confirmation of any transaction. The contents of any email communications to or from BSG may be monitored or reviewed at BSG's discretion. BSG accepts no responsibility for any loss or damage arising in any way from the use of this transmission and any attachments; it is the responsibility of the recipient to ensure that they are virus free. If you reply to this email, do so in your own discretion, knowing that no principal or employee or agent of ours is under any ability to bind the company or affiliates in any way via email.

**BSG SUES REDDY 255726911 Complaint.pdf**
2059K

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.

_________________________________/

**DECLARATION OF DEEPIKA REDDY IN SUPPORT OF EMERGENCY MOTION TO DETERMINE CONFIDENTIALITY OF COURT RECORDS AND FOR TEMPORARY RESTRICTED ACCESS**

1. I, Deepika Reddy, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows, based on my personal knowledge.

**Identity and Residence**

2. I am the Defendant in the above-captioned action. I am over the age of eighteen and have personal knowledge of the facts stated in this declaration.

3. I reside in Austin, Texas. I do not provide my full residential street address in this declaration because the protection of that information is among the purposes of the relief I seek.

**Personal Identifying Information in the Complaint**

4. I have reviewed the complaint filed in this action on August 26, 2026 (the "Complaint").

5. The Complaint contains personal identifying information about me, including references to my residential address and the approximate value of my home, my email addresses, details regarding my professional background and licensure history, and other personal information. Specifically, the Complaint references a home valued at approximately $6 million and describes it as a "nearly twelve thousand square foot house." The Complaint also references my email addresses *deepikareddydds@gmail.com* and *deepamhome68@gmail.com*, and includes allegations regarding my professional disciplinary history.

6. The public availability of this information on the court docket, particularly my residential information and the approximate valuation of my home, causes me genuine concern for my personal safety and the safety of my family.

**Broadstreet's Distribution of the Complaint**

7. On August 26, 2026, Broad Street Global Fund LLC ("Broadstreet") sent an email from info@broadstreetglobalfund.com with the subject line "BROADSTREET SUES REDDY" to a large group of recipients that included investors, business contacts, and other individuals associated with the fund. I was copied on that email.

8. The email stated, in substance, that a lawsuit had been filed against me that day, that "the lawsuit is public record," and that Broadstreet "want[ed] the world to know." The email attached the Complaint, including all of the personal identifying information described above. Based on the recipients visible in the email, the Complaint and my personal information were transmitted to approximately 384 individuals.

9. Broadstreet's distribution of the Complaint to a large group of individuals amplified the exposure of my personal identifying information well beyond the court's public docket and made my residential and personal information available to hundreds of people who may not otherwise have accessed the court file.

**Basis for Restricted Access**

10. The continued public availability of my home address, home valuation, email addresses, and professional background details on the court docket poses an ongoing risk to my privacy and personal safety.

11. I respectfully request that the Court restrict public access to the portions of the Complaint and any related filings that contain my residential street address, home valuation, and other sensitive personal identifying information, or, in the alternative, permit the filing of a redacted version of the Complaint on the public docket.

12. I do not seek to restrict access to the substantive allegations in the Complaint. My request is limited to personal identifying information that, if publicly available, poses a risk to my safety and privacy.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September 28th, 2026, at Austin, Texas.

Deepika Reddy

The foregoing instrument was sworn to (or affirmed) and subscribed before me by means of physical presence on 9/28/2026 by Deepika Reddy, who produced a state-issued drivers license as identification.

Notary Public
Print Name: [Samara Sierra]

Commission No.: [129983945]

My Commission Expires: [November 18, 2029]

SAMARA SIERRA
Notary ID #129983945
My Commission Expires
November 18, 2029

SAMARA SIERRA
Notary ID #129983945
My Commission Expires
November 18, 2029

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.
_______________________________________/

**NOTICE OF FILING**
**DECLARATION OF DEEPIKA REDDY**

Defendant, Deepika Reddy, by and through undersigned counsel, hereby files the attached Declaration of Deepika Reddy in support of Defendant's Emergency Motion to Determine Confidentiality of Court Records and for Temporary Restricted Access.

Date: September 28, 2026

Respectfully Submitted,

**EPPERSON & GREENIDGE, P.A.**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
T. 877.445.9261
*/s/ Andrew M. Greenidge*
**ANDREW M. GREENIDGE, ESQ.**
Fla. Bar No. 0016581
andrew@eppersongreenidge.com
greenidgelaw@gmail.com
*Counsel for Defendant Deepika Reddy*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing was filed electronically and served via e-mail on September 28, 2026 to: Lorne E. Berkeley, Esq., Berkeley Law, P.A. at Lorne@BerkeleyLawFL.com.

*/s/ Andrew M. Greenidge*
Andrew M. Greenidge, Esq.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.
_________________________________/

**DECLARATION OF DEEPIKA REDDY IN SUPPORT OF EMERGENCY MOTION TO DETERMINE CONFIDENTIALITY OF COURT RECORDS AND FOR TEMPORARY RESTRICTED ACCESS**

1. I, Deepika Reddy, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows, based on my personal knowledge.

**Identity and Residence**

2. I am the Defendant in the above-captioned action. I am over the age of eighteen and have personal knowledge of the facts stated in this declaration.

3. I reside in Austin, Texas. I do not provide my full residential street address in this declaration because the protection of that information is among the purposes of the relief I seek.

**Personal Identifying Information in the Complaint**

4. I have reviewed the complaint filed in this action on August 26, 2026 (the "Complaint").

5. The Complaint contains personal identifying information about me, including references to my residential address and the approximate value of my home, my email addresses, details regarding my professional background and licensure history, and other personal information. Specifically, the Complaint references a home valued at approximately $6 million and describes it as a "nearly twelve thousand square foot house." The Complaint also references my email addresses *deepikareddydds@gmail.com* and *deepamhome68@gmail.com*, and includes allegations regarding my professional disciplinary history.

6. The public availability of this information on the court docket, particularly my residential information and the approximate valuation of my home, causes me genuine concern for my personal safety and the safety of my family.

**<u>Broadstreet's Distribution of the Complaint</u>**

7. On August 26, 2026, Broad Street Global Fund LLC ("Broadstreet") sent an email from info@broadstreetglobalfund.com with the subject line "BROADSTREET SUES REDDY" to a large group of recipients that included investors, business contacts, and other individuals associated with the fund. I was copied on that email.

8. The email stated, in substance, that a lawsuit had been filed against me that day, that "the lawsuit is public record," and that Broadstreet "want[ed] the world to know." The email attached the Complaint, including all of the personal identifying information described above. Based on the recipients visible in the email, the Complaint and my personal information were transmitted to approximately 384 individuals.

9. Broadstreet's distribution of the Complaint to a large group of individuals amplified the exposure of my personal identifying information well beyond the court's public docket and made my residential and personal information available to hundreds of people who may not otherwise have accessed the court file.

**<u>Basis for Restricted Access</u>**

10. The continued public availability of my home address, home valuation, email addresses, and professional background details on the court docket poses an ongoing risk to my privacy and personal safety.

11. I respectfully request that the Court restrict public access to the portions of the Complaint and any related filings that contain my residential street address, home valuation, and other sensitive personal identifying information, or, in the alternative, permit the filing of a redacted version of the Complaint on the public docket.

12. I do not seek to restrict access to the substantive allegations in the Complaint. My request is limited to personal identifying information that, if publicly available, poses a risk to my safety and privacy.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September 28th, 2026, at Austin, Texas.

Deepika Reddy

The foregoing instrument was sworn to (or affirmed) and subscribed before me by means of physical presence on 9/28/2026 by Deepika Reddy, who produced a state-issued drivers license as identification.

Notary Public
Print Name: [Samara Sierra]

Commission No.: [129983945]

My Commission Expires: [November 18, 2029]

SAMARA SIERRA
Notary ID #129983945
My Commission Expires
November 18, 2029

SAMARA SIERRA
Notary ID #129983945
My Commission Expires
November 18, 2029

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Case No.: 2026-017336-CA-01

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.
_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO DETERMINE CONFIDENTIALITY OF COURT RECORDS AND FOR TEMPORARY RESTRICTED ACCESS**

Plaintiff Broad Street Global Management LLC ("Broadstreet" or "Plaintiff") responds in in Opposition to Defendant Deepika Reddy's *Emergency* Motion to Determine Confidentiality of Court Records and for Temporary Restricted Access ("Motion"). For the reasons stated herein, the Motion should be denied.

**INTRODUCTION**

1. Defendant Deepika Reddy ("Defendant") filed the Motion just four days ago on an *emergency* basis despite the fact that the Complaint was filed and emailed to Defendant's counsel ***over one month ago.*** There is no emergency here.

2. But this is not the first time Defendant's counsel has used an emergency motion designation where there was no emergency. Defendant's counsel was recently referred to Magistrate Judge Yeney Hernandez in a federal case styled *Siriani v. Feingold*, Case No. 26-cv-80119 (S.D. Fla.) (ECF 124) to determine "whether [he] *has abused this Court's 'emergency' and 'expedited' designations*", based on his repetitive use of same, and, if so, what sanctions should be imposed. (*See Siriani* ECF 124 and **Exhibit 1** attached hereto).

3. In this latest "emergency" Motion by Defendant's counsel, Defendant asks this Court to restrict public access to portions of the Complaint and exhibits because the Complaint references Defendant's residential address and attaches a publicly available Zillow page reflecting an estimated value of the residence. Defendant also seeks redaction or restricted access to the home-valuation information itself. Defendant's declaration further seeks redaction of her email addresses, ***even though she attaches her email addresses to the Motion and publicly references in her publicly filed declaration.*** (*See* Ex. A to Motion at 1; Declaration of Deepika Reddy ¶ 5 (which was publicly filed in this case on September 28, 2026)).

4. Florida law provides a strong presumption of public access to civil court records. *See, e.g.,* Fla. Const. art. I, section 24(a); Fla. R. Gen. Prac. & Jud. Admin. 2.420; *Barron v. Florida Freedom Newspapers, Inc.*, 531 So. 2d 113, 118-19 (Fla. 1988). The Motion improperly seeks to remove, seal, restrict, or redact the substance of Plaintiff's allegations that go to Defendant's financial position, sophistication, motive, and credibility, all at issue based upon the allegations and claims in this case. The Motion should be denied because Defendant has failed to meet her burden to establish any recognized ground for confidentiality and to prove that the requested restriction is no broader than necessary.

5. The Motion seeks to restrict or redact the street address, email addresses, home-valuation information and Exhibit A to the Complaint ("the Exhibit") itself, notwithstanding that the valuation information is publicly available, relevant to Plaintiff's allegations, and not confidential under any statute, rule, or case law identified by Defendant.

6. Defendant supplied a declaration containing only generalized assertions of privacy and security concerns but proffered no evidence of any actual threat, no statutory exemption, no

qualifying protected-address status, and no record basis establishing that temporary or permanent confidentiality is required under any of the categories articulated in Rule 2.420(c)(9).

7. Accordingly, the Court should deny the Motion.

## FACTUAL BACKGROUND

8. On August 26, 2026, Broadstreet filed this defamation action against Defendant. The Complaint alleges that Defendant published and republished statements accusing Broadstreet of fraud, scam conduct, misappropriating investor funds, unlawfully converting investor money, concealing information, and engaging in unlawful conduct.

9. Defendant transmitted her defamatory statements via email to hundreds of other individuals. Defendant repeatedly disseminated these accusations to a broad audience of investors, business contacts, and third parties.

10. Defendant knew better. Plaintiff pled that Defendant was not an unsophisticated investor, but rather a wealthy investor who signed the governing investment documents containing her acknowledgment of the investment risks. Defendant nevertheless published categorical accusations of fraud, scam conduct, diversion, and criminal wrongdoing.

11. As part of the Complaint, Plaintiff included allegations concerning Defendant's financial sophistication, resources, and motive. Plaintiff also attached the Exhibit, which is not a private appraisal report. It is a publicly available Zillow page reflecting an estimated value for a residence and related publicly available real-estate information. The Exhibit was included to support Plaintiff's allegations concerning Defendant's sophistication, resources, motive, and the falsity of any portrayal that Defendant was financially ruined or uniquely vulnerable because of the investment at issue.

12. On September 28, 2026, Defendant filed the Motion. Defendant argues that the Complaint and Exhibit disclose her residential street address, a home-valuation figure and her email addresses, that the information should be redacted or restricted, and that the public docket creates privacy, safety, harassment, and financial-targeting risks. Defendant's Motion also asserts that the Zillow page does not identify Defendant as the owner, that the property is allegedly owned by an LLC, and that Plaintiff allegedly connected Defendant to the property through private information or through a representative who visited the property. But Defendant does not meet her burden of showing why any of this information is confidential.

13. Defendant also relies on the fact that Plaintiff or Broadstreet representatives circulated the Complaint by email after it was filed. But the Complaint was a public court filing, and Plaintiff's circulation of the public Complaint occurred in the context of Defendant's prior mass-smear campaign. Defendant's Motion does not establish that public access to the court file now must be curtailed.

## ARGUMENT

### A. Florida Law Strongly Presumes Public Access to Civil Court Records.

14. Florida law recognizes a strong presumption that civil court proceedings and court records are public. Article I, section 24(a) of the Florida Constitution establishes a constitutional right of access to public records. Rule 2.420(a) likewise provides that the public has access to records of the judicial branch except as provided by the Rule. Fla. R. Gen. Prac. & Jud. Admin. 2.420(a).

15. In *Barron*, the Florida Supreme Court held that civil and criminal court proceedings are public events and that filed records of court proceedings are public records available for public

examination. 531 So. 2d at 118. For information to be considered confidential, the burden rests on the party seeking closure or restriction. *Id.* at 118-19.

16. The Rule 2.420 framework is narrow. Records are confidential only if they fall within a specific constitutional, statutory, rule-based, or case-law category, or if the Court makes the required case-specific findings under Rule 2.420(c)(9). Under Rule 2.420(c)(9), confidentiality must be required to protect one of the identified interests, the degree, duration, the manner of confidentiality must be no broader than necessary, and no less restrictive measures may be available. Fla. R. Gen. Prac. & Jud. Admin. 2.420(c)(9)(A)-(C).

**B. Defendant Has Not Identified Any Statute or Rule Making the Challenged Information Automatically Confidential.**

17. Defendant does not identify any statute, rule, or constitutional provision that automatically makes the challenged information confidential, nor does the challenged information fall under any of the categories under Rule 2.420(c)(9). Rule 2.425 limits designated sensitive information in court. Fla. R. Gen. Prac. & Jud. Admin. 2.425. The Rule does not list the challenged information as automatically confidential.

18. Likewise, section 119.0714, Florida Statutes, addresses court files, court records, and official records. It specifically addresses categories such as Social Security numbers, bank account numbers, debit, charge, and credit card numbers, and other information made confidential by statute or court order. Defendant has not identified any statutory exemption that applies.

19. Florida law does recognize address-confidentiality protections for certain protected classes and categories in particular circumstances. Defendant does not claim that she falls within any such statutory category, does not attach any qualifying statutory request, and does not identify any court order, agency designation, or protected-address status. The Motion therefore rests only

on a generalized privacy and safety argument, which is insufficient to overcome the presumption of public access.

**C. Defendant Has Not Satisfied Rule 2.420 or the *Barron* Standard.**

20. Defendant relies on Rule 2.420 but does not satisfy it. The Motion does not establish that confidentiality is required under Rule 2.420(c)(9)(A).

21. In *Carnegie v. Tedder*, 698 So. 2d 1310, 1312-13 (Fla. 2d DCA 1997), the Second District quashed an order closing a civil court file and explained that litigants cannot have a reasonable expectation of privacy concerning matters inherent to their civil proceedings. *Carnegie* applied *Barron* and held that the exception for privacy rights "not generally inherent" in the proceeding is limited to matters peripheral to the litigation, not matters, as here, that are inherent to the claims and defenses. *Id*. at 1312.

22. That principle applies here. Defendant's sophistication, wealth, resources, motive, credibility, and claimed injury narrative are not peripheral to this case. They are directly relevant to Plaintiff's defamation allegations, including falsity, actual malice, motive, damages, and Defendant's portrayal of herself to the recipients of the challenged publications. Plaintiff alleges that Defendant accused Broadstreet of fraud and scam conduct while presenting herself as a victim of catastrophic financial harm. Plaintiff is entitled to plead facts supporting its theory that Defendant is wealthy and sophisticated and that her accusations (including those by email) were knowingly false, reckless, and calculated to inflame other investors. Defendant cannot convert relevant allegations and their supporting exhibits into confidential material merely by labeling them embarrassing, private, or harmful to her preferred narrative.

23. The Fourth District Court of Appeals has similarly emphasized that litigants do not have a reasonable expectation of privacy in matters inherent to civil proceedings. *See Rocket*

*Group, LLC v. Jatib*, 114 So. 3d 398, 400 (Fla. 4th DCA 2013). Nor is a party's preference controlling. *Id.* Even party agreement cannot justify sealing judicial records absent the required Rule 2.420 findings. *Id*. Defendant's unilateral preference cannot justify the requested restriction.

**D. The Public Zillow Valuation and Defendant's Financial-Sophistication Allegations Are Relevant and Should Not Be Redacted or Restricted.**

24. The Motion repeatedly characterizes the Exhibit as an "appraisal or valuation report." That phrasing overstates the record. The Exhibit is publicly available Zillow page showing publicly available real estate information, which includes an estimated value. Plaintiff did not attach tax returns, bank statements, Social Security numbers, medical records, account numbers, private financial statements, confidential investor account records, or any confidential information.

25. The home-value information is relevant to Plaintiff's allegations. Defendant's challenged publications portray Broadstreet as having defrauded investors and caused catastrophic losses. Plaintiff has pled that Defendant is an accredited investor with substantial resources and sophistication, that she executed investment documents, and that her own position appears inconsistent with her public outrage narrative. The challenged valuation information supports Plaintiff's theory that Defendant's publications were not good-faith confusion, but intentional or reckless accusations designed to inflame other investors to the detriment of Plaintiff.

26. Defendant may dispute the weight or admissibility of those allegations later. But Rule 2.420 is not a vehicle to strike allegations, sanitize a pleading, or remove publicly available information that a defendant considers unflattering. The Rule asks whether the material is confidential under law and whether confidentiality is required under the narrow Rule 2.420(c)(9) standards. Defendant has not made that showing.

**E. Defendant's Safety and Harassment Arguments Are Speculative and Unsupported by Evidence.**

27. Defendant asserts that public availability of the information creates safety, privacy, harassment, and financial-targeting risks. But Rule 2.420 requires more than generalized speculation. Defendant offers no law-enforcement report, no specific threat, and no evidence that the public Zillow information creates a serious or imminent risk sufficient to override the presumption of public access. Defendant did publicly file the Declaration of Deepika Reddy in support of her Motion, but the Declaration only contains generalized assertions of safety and privacy concerns wholly insufficient for Defendant to meet her burden.[1] Moreover, the declaration itself publicizes Defendant's email addresses.

28. The Motion also claims that the property is owned by an LLC and that the connection between Defendant and the property is private. But Defendant fails to satisfy any basis for overcoming the presumption of public access. And in no event would that assertion support redacting the valuation information, sealing the Exhibit, restricting public access to the Complaint, or requiring broad confidentiality treatment.

**F. Defendant's Emergency Request Is Undermined by Defendant's Own Delay.**

29. Defendant styles the Motion as an emergency. The timing of filing of the Motion undermines that characterization. The Complaint was filed on August 26, 2026. Defendant's Motion was not filed until September 28, 2026. If the information created the immediate emergency Defendant now claims, Defendant should have sought relief promptly. She did not. No emergency exists.

[1] Moreover, the Declaration was improperly executed under *federal* law, not Florida law. Because this case is in state court and the Declaration failed to comply with *state* law, the Declaration should be stricken.

30. The Court should therefore deny emergency treatment and set the matter for a hearing in the ordinary course if necessary.

## CONCLUSION

**WHEREFORE,** Plaintiff Broad Street Global Management LLC respectfully requests that the Court deny Defendant's Emergency Motion to Determine Confidentiality of Court Records and for Temporary Restricted Access and to grant Plaintiff such other and further relief as the Court deems just and proper.

**BERKELEY LAW, P.A.**

By: */s/ Lorne E. Berkeley*
Lorne E. Berkeley
Florida Bar No.: 146099
10600 Griffin Road, Suite 104
Cooper City, Florida 33328
Telephone: (954) 719-3484
Email: Lorne@BerkeleyLawFL.com
Email: LegalAssistant@BerkeleyLawFL.com

*Counsel for Plaintiff Broad Street Global Management LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2026, I electronically filed the foregoing with the Clerk of Court through the Florida Courts E-Filing Portal, which will serve all counsel of record, including counsel for Defendant Deepika Reddy, Andrew M. Greenidge, Esq., Epperson & Greenidge, P.A., andrew@eppersongreenidge.com and greenidgelaw@gmail.com.

By: */s/ Lorne E. Berkeley*
Lorne E. Berkeley

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-80119-ALTMAN**

**ANTHONY SIRIANI**, *et al.*,

*Plaintiffs*,

*v.*

**DAVID FEINGOLD**, *et al.*,

*Defendants*.
______________________________________/

**ORDER DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Our Plaintiffs have filed yet another "emergency" motion, seeking an injunction preventing the sale of several "Disputed Assets." Emergency Motion to Lift Stay and For Temporary Restraining Order and Preliminary Injunction (the "Motion") [ECF No. 120] at 6–8 (identifying the Disputed Assets). The Plaintiffs have sought—and we have denied—this relief several times before. *See* Order Denying Expedited Motion for Temporary Restraining Order [ECF No. 66]; Paperless Order Striking Expedited Motion for Preliminary Injunction [ECF No. 82]; Order Denying Expedited Motion for Preliminary Injunction [ECF No. 104]. Undeterred, the Plaintiffs *again* ask us to prevent the sale of the Disputed Assets *and* request that we lift the statutorily mandated stay of this case. *See* Order Staying Case [ECF No. 105] at 3 ("[T]he Defendants are entitled to an automatic stay of this case under the Private Securities Litigation Reform Act [('PSLRA')] as soon as they file their forthcoming motions to dismiss." (citing 15 U.S.C. § 78u4(b)(3)(B)). After careful review, we **DENY** the Motion.

**THE LAW**

"A district court may grant a preliminary injunction only if the moving party establishes that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the injunction is granted; (3) the harm from the threatened injury outweighs the harm the injunction would

cause the opposing party; and (4) the injunction would not be adverse to the public interest." *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1270–71 (11th Cir. 2020) (footnote omitted). A showing of irreparable injury is "the sine qua non of injunctive relief" and is thus the most important of the four factors. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (quoting N*e. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 826 F.2d 1283, 1285 (11th Cir. 1990)). To satisfy this standard, the "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Still, a district court cannot grant a preliminary injunction unless the moving party satisfies *all four* of the requirements. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("Because Wreal must meet all four prerequisites to obtain a preliminary injunction, failure to meet even one dooms [his request]."). The Plaintiffs bear the burden of establishing their need for a preliminary injunction. *See ibid.* ("Because a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." (cleaned up)).

## ANALYSIS

For two reasons, we deny the Plaintiffs' most recent request for a preliminary injunction. *First*, the Plaintiffs haven't shown that they're likely to succeed on their RICO or fraud claims—on which their motion is based. *See* Motion at 10 ("[The] Plaintiffs are likely to succeed on their RICO and Fraud claims because they have satisfied all the requisite elements."). *Second*, the Plaintiffs haven't established that they're likely to suffer irreparable injury, absent an injunction, because their Complaint seeks money damages. *See BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., Ltd. Liab. Co.*, 425 F.3d 964, 970 (11th Cir. 2005) ("[E]conomic losses alone do not justify a preliminary injunction.").

### I. Likelihood of Success

The Plaintiffs haven't demonstrated that they're likely to prevail on their RICO (Count VI) or fraud (Count V) claims.

**a. RICO**

"The statute of limitations for a civil RICO claim is four years, running from 'when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.'" *Rice v. Chief Exam'r of Ala. Dep't of Examiners of Pub. Accts.*, 2025 WL 1743708, at *2 (11th Cir. June 24, 2025) (quoting *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013)). Our Plaintiffs' RICO claim arises from the Defendants' alleged conspiracy to "deceptively and unfairly hijack the L3 Assets to harm the L3 Investors and line their own pockets with ill-gotten and illegally obtained gains" from "at least August 2021 through the present." Complaint ¶ 402. The Plaintiffs filed their Complaint on February 2, 2026—four years and six months *after* August 2021. In their Motion, the Plaintiffs allege that the misconduct stretches back as far as 2019—over seven years ago. *See* Motion at 11 ("Plaintiffs have sufficiently alleged longevity because they have alleged these relationships existed from at least 2019 through the present."); *see also id.* at 13 ("Plaintiffs allege *supra* a series of fraudulent property transfers and misrepresentations that the RICO enterprise made from 2019 to the present."). The Plaintiffs don't address this apparent bar on their RICO claim in the Motion and therefore haven't established a substantial likelihood of success on the merits of their RICO claim.[1]

Moreover, "[u]nder the [PSLRA], 'no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962 of the federal RICO Act.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1249 (11th Cir. 2016) (quoting 18 U.S.C. § 1964(c)). Here, the conduct underlying the Plaintiffs' RICO claim is the same as the conduct on which their securities-fraud claim is based. *Compare* Complaint ¶ 371 (alleging, with respect to the

[1] It may be that the Plaintiffs couldn't have discovered their alleged injury until later. But it's the Plaintiffs' burden to establish their entitlement to the "extraordinary and drastic remedy" of a preliminary injunction and, by failing to address this issue at all, they've plainly failed to meet that burden. *Wreal*, 840 F.3d at 1248.

securities-fraud claim, that the Defendants "pocket[ed] at least 30% [of the Plaintiffs' investments] for themselves, misrepresent[ed] distributions as interest payments, and transfer[red] the L3 assets to Broadstreet"), *with id.* ¶ 402 (alleging, with respect to the RICO claim, that the Defendants "conspired to deceptively and unfairly hijack the L3 Assets to harm the L3 Investors and line their own pockets with ill-gotten and illegally obtained gains"). And we've already found that the PSLRA applies to this action. *See* Order Staying Case at 3 ("[T]he Defendants are entitled to an automatic stay of this case under the [PSLRA][.]"). The Plaintiffs likewise don't address this potential bar on their RICO claim.

**b. Fraud**

Federal Rule of Civil Procedure 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of this rule is to "alert[ ] defendants to the precise misconduct with which they are charged and [to] protect[] defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1360 (11th Cir. 2023). "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). The Plaintiffs haven't met this burden.

The Complaint dedicates eleven paragraphs to the Plaintiffs' fraud claim, none of which alleges with any particularity the time, date, or place of any statement or omission. *See* Complaint ¶¶ 384–94. Nor do the Plaintiffs' fraud allegations sufficiently attribute fraudulent statements or omissions to any specific individual. Mostly, they attribute each act to all of "Feingold, Dazzo[,] and Cardinale"

together. Complaint ¶¶ 384–94. Because the Plaintiffs' Complaint appears facially deficient under Rule 9(b), we cannot say that the Plaintiffs have established a substantial likelihood of success on that claim.

The Plaintiffs also haven't explained why their fraud claim isn't time-barred. *See* FLA. STAT. § 95.11(i) (establishing a four-year statute of limitations on "legal or equitable action[s] founded on fraud"). The Plaintiffs' fraud allegations stretch back to 2020—six years before they filed their Complaint here. *See* Complaint ¶ ("Feingold, Dazzo and Cardinale amended the L3 Income Fund's PPM and Operating Agreement in October 2020 and still didn't disclose that they were taking 30% of the L3 Investors' money for themselves[.]"). The Motion doesn't address this timeliness problem at all.

Because the Plaintiffs have failed to demonstrate a "substantial likelihood of success on the merits" of the claims on which the Motion is based, *Gonzalez*, 978 F.3d at 1270–71, they haven't established their entitlement to equitable relief.

**II. Irreparable Injury**

The Plaintiffs also fail to establish that they would suffer irreparable injury absent an injunction. It's "axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Noble Prestige Ltd. v. Galle*, 83 F.4th 1366, 1382 (11th Cir. 2023) (quoting *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994)). Put simply, "economic losses alone do not justify a preliminary injunction." *BellSouth*, 425 F.3d at 970.

We've already been over this issue. The Plaintiffs are self-described "retirees in their 70's [*sic*] and 80's [*sic*] who invested their life savings in the L3 Funds in exchange for an ownership interest in these funds and the returns they were promised would be generated from their investments." Motion

at 5.[2] They allege that they were defrauded in those investments and have thus filed a Complaint seeking monetary damages. *See, e.g.*, Complaint ¶ 394 (as to the fraud claim, "Plaintiffs demand judgment in their favor and against Defendants granting all damages and other available relief under applicable law"); *id.* ¶ 404 (as to the RICO claim, "[the Defendants] are liable to the Plaintiffs for damages, including, statutory treble damages pursuant to 18 U.S.C. § 1964(c), reasonable attorney's fees pursuant to 18 U.S.C. § 1964(c), costs, interest and such other and further relief as this Court deems just and proper"); *see id.* at Prayer for Relief (seeking "compensatory damages in an amount to be determined at trial but believed to be at least $150 million," "treble damages," "punitive damages," "rescission and rescissionary damages," and the "dissolving [of] the L3 Funds"); *see also ibid.* (silent as to the Disputed Assets).

As we've explained, because they're investors seeking monetary damages, the Plaintiffs aren't entitled to the injunctive relief they seek here. *See* Order Denying Expedited Motion for Preliminary Injunction at 4 ("Here, the Plaintiffs invested capital into fund vehicles managed by third parties, expecting a financial return. . . . Because the Plaintiffs can recover monetary damages to remedy this alleged harm, injunctive relief is unavailable to them."); *see id.* at 7 ("The Plaintiffs' alleged harm can be remedied by monetary damages, so injunctive relief is unavailable.").

If the Plaintiffs prevail in this action, they will be awarded damages. Until then, we won't exercise our discretion to issue an injunction preventing the sale of the Disputed Assets.

## CONCLUSION

For the foregoing reasons, we hereby **ORDER and ADJUDGE** as follows:

[2] The Plaintiffs also purport to bring their claims "derivatively on behalf of the L3 Funds[.]" Motion at 9. But we haven't determined that they have derivative standing to do so (a contested issue in this case), and we certainly won't make such a critical determination in an Emergency Order the Plaintiffs have demanded we issue in less than one day. *See id.* at 1 ("Pursuant to Local Rule 7.1(d)(1) Plaintiffs seek an emergency ruling today, August 13, 2026[.]").

1. The Plaintiffs' Emergency Motion to Lift Stay and for Temporary Restraining Order and Preliminary Injunction [ECF No. 120] is **DENIED**.
2. The Defendants' Emergency Motion to Strike and for Sanctions [ECF No. 121] is **DENIED** ***as moot***.
3. This case is **REFERRED** to Magistrate Judge Yeney Hernandez to determine (1) whether Plaintiffs' counsel has abused this Court's "emergency" and "expedited" designations and, if so, (2) what, if any, sanctions should be imposed.

**DONE AND ORDERED** in the Southern District of Florida on August 13, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Filing # 258441979 E-Filed 10/04/2026 06:31:11 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.

______________________________________/

**DEFENDANT'S REPLY IN SUPPORT OF EMERGENCY MOTION TO DETERMINE CONFIDENTIALITY OF COURT RECORDS AND FOR TEMPORARY RESTRICTED ACCESS**

Defendant Deepika Reddy ("Defendant") replies to Plaintiff Broad Street Global Management LLC's ("Broadstreet") Response in Opposition (the "Response") to Defendant's Emergency Motion to Determine Confidentiality of Court Records and for Temporary Restricted Access (the "Motion"), and states:

## I. INTRODUCTION AND NARROWED REQUEST

Defendant does not ask the Court to seal this case, conceal the existence of the Complaint, or suppress any of Broadstreet's defamation allegations, including its allegations that Defendant is wealthy, sophisticated, or financially motivated. To remove any doubt, Defendant narrows the Motion to residential identifying and location information and address-linked valuation information only: (1) Defendant's residential street address; (2) any parcel number, legal description, or other property identifier or description that reveals the residence; (3) Exhibit A to the Complaint (the Zillow page), and any valuation text, only to the extent it identifies the

residence; and (4) any other information that directly ties Defendant personally to a specific private residence. Defendant withdraws the request as to her email addresses and professional history.[1]

The remedy requested is a public redacted version of the Complaint and Exhibit A, with the unredacted version maintained under restricted access. That is the least restrictive alternative available, and much narrower than sealing.

## II. THE CORRECTED DECLARATION CURES THE PROCEDURAL OBJECTION

Broadstreet argues that Defendant's original declaration should be stricken because it was executed under 28 U.S.C. § 1746 rather than Florida law. Response at 8 n.1. Defendant files concurrently a Corrected Supplemental Declaration verified under section 92.525(1)(c), Florida Statutes, using the form prescribed by subsection (2): "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true." The procedural objection is therefore moot. The Court may decide the Motion on the corrected declaration and the existing record, including Broadstreet's August 26, 2026 mass email distributing the Complaint.

## III. FLORIDA LAW TREATS RESIDENTIAL LOCATION INFORMATION AS SPECIALLY SENSITIVE, AND RULE 2.420 PERMITS NARROW, CASE-SPECIFIC PROTECTION

Florida law begins with a strong presumption of openness: civil proceedings and filed records are public, and the party seeking closure bears the burden. *Barron v. Fla. Freedom Newspapers, Inc.*, 531 So. 2d 113, 118–19 (Fla. 1988). *Barron* permits closure only when necessary to comply with established public policy or to avoid substantial injury from disclosure of matters protected by a privacy right not generally inherent in the type of proceeding, and only when no reasonable alternative exists and the least restrictive means is used. *Id.* at 118–19. Rule

---

[1] Just to clarify, nowhere in the Motion or the proposed order did Defendant request the Court to issue an order restricting or redacting her email address or professional history. To the extent any such request was made it was only in Defendant's declaration.

2.420(c)(9)(A)(vi)–(vii), (B)–(C), Fla. R. Gen. Prac. & Jud. Admin., codifies that framework. The Florida Supreme Court distinguishes records automatically confidential under constitution, statute, or rule from records made confidential by a case-specific order after the required findings. *In re Amendments to Fla. Rule of Jud. Admin. 2.420*, 954 So. 2d 16, 20–21 (Fla. 2007). This is the latter request: it identifies specific information, seeks targeted redaction, preserves the case and its substance for public access, and requests temporary restricted access only pending the Court's hearing and determination.

Florida statutes reinforce that residential-location information is safety-sensitive, but they do not automatically make Defendant's information confidential. Section 119.071(4)(d)1.a., Florida Statutes, defines "home addresses" broadly to include the dwelling location and related physical, mailing, and street addresses, parcel or plot identifiers, legal property descriptions, GPS coordinates, and other descriptive information that may reveal the home address. Section 119.071(4)(d)2 exempts such information for specified public-safety and government personnel (including law-enforcement personnel, firefighters, judges, prosecutors, and guardians ad litem) subject to statutory conditions. Section 741.465 protects, in specified records, the residential addresses of participants in Florida's Address Confidentiality Program. Section 119.0714(2)(f) provides a page-specific mechanism for maintaining a qualifying section 119.071(4)(d)2. exemption in a court record. And section 119.0714(1)(m) protects matter in a noncriminal pleading only after it has been stricken by the court upon the required findings; it is not an automatic basis to withhold unstricken material.

Broadstreet correctly notes that Defendant is not claiming one of those automatic statutory exemptions. Response ¶ 19. That concession does not end the analysis. The Legislature has repeatedly treated home addresses, residential-location information, and direct identifying

information as safety-sensitive, but those enactments are context-specific. They supply established public policy under Rule 2.420(c)(9)(A)(vii), not automatic confidentiality for every private litigant. Defendant instead makes the required individualized showing: Broadstreet's Complaint couples Defendant's name with a specific residence and address-linked valuation, *and Broadstreet then disseminated the Complaint to a large list beyond the docket. The requested redaction is precisely tailored to prevent that linkage from remaining on* the public docket while leaving the substantive dispute public.

Broadstreet's reliance on *Carnegie* and *Bollea* is misplaced. *Carnegie* held that defamatory statements pleaded in a counterclaim were inherent in the malicious-prosecution and extortion action and therefore were not peripheral. 698 So. 2d at 1312–13. *Bollea* likewise held that motions, responses, supporting filings, and hearing transcripts were inherent in the proceeding and not protected under Rule 2.420. *Times Publ'g Co. v. Bollea*, 231 So. 3d 493, 493–94 (Fla. 2d DCA 2016). This request is different: a residential street address, parcel or legal-description information, and address-linked Zillow material are not elements of defamation, allegations of wrongdoing, or evidence necessary to adjudicate the claims. *Rocket Group* does not hold otherwise; it held that parties cannot create confidentiality by agreement alone, while recognizing that confidential material may require protective handling pending a prompt Rule 2.420 determination. *Rocket Group, LLC v. Jatib*, 114 So. 3d 398, 400–01 (Fla. 4th DCA 2013). The proposed redactions therefore protect only peripheral residential identifiers while leaving the claims, defenses, and merits allegations public.

## IV. AVAILABILITY ELSEWHERE DOES NOT DEFEAT NARROW RELIEF

Broadstreet emphasizes that Exhibit A is a publicly available Zillow page. Response ¶¶ 11, 24. Viewed alone, a real-estate page may be public and may not identify its occupant. But this

Motion concerns the Complaint's new combination of identity, residence, and valuation—not the abstract availability of one data point elsewhere. The Complaint identifies Defendant, describes the residence as a "nearly twelve thousand square foot house" valued at "approximately $6 million," and attaches Exhibit A. Compl. ¶¶ 1, 53, Ex. A. Broadstreet then sent the Complaint from info@broadstreetglobalfund.com, under the subject line "BROADSTREET SUES REDDY," to a large list of investors and business contacts, stating that the lawsuit was public record and that Broadstreet "want[ed] the world to know." Corrected Supp. Decl. ¶¶ 5–6. That mass email aggregated and amplified information that, in isolation, was less identifying: it made Defendant's name, home location, and claimed wealth travel together to recipients who might never have opened the docket. The Court need not decide whether each component is confidential in isolation; it need only determine whether this compiled, address-linked disclosure warrants narrow redaction under Rule 2.420. It does. The public may retain the allegations and valuation theory without the residential identifiers that make the disclosure materially more intrusive.

The requested relief does not prejudice Broadstreet. Broadstreet may continue publicly alleging that Defendant is wealthy, sophisticated, an accredited investor[2], and financially motivated, and may rely on the unredacted materials in this litigation. Its theory does not require a public street address or a property page that identifies the home. The proposed redaction

2 Throughout the Response, the Plaintiff repeatedly claims that the Defendant is an accredited investor. An accredited investor simply means that as a single person you have income of more than $200,000 ($300,000 combined if married) or you have net worth of more than $1 million excluding your home. It doesn't automatically make a person a sophisticated investor, it simply means the person is doing well financially. A dentist who makes a lot of money doesn't necessarily understand investments or investment strategies. More importantly, the fact that Defendant may have been an accredited investor does not give Plaintiff the right to steal from her. The Defendant agreed to accept the risk that the investment may fail, but she did not agree to allow the people whom she invested with to steal from her.

preserves every substantive allegation and defense-relevant fact while removing only residential identifiers.

## V. THE HARM IS ONGOING, AND TEMPORARY RESTRICTION IS APPROPRIATE

Broadstreet argues that the roughly one-month interval between filing and the Motion defeats emergency treatment.[3] Response ¶¶ 1, 29. But each day the unredacted material remains on the public electronic docket and in recipients' inboxes, the exposure continues and can be copied further. Any delay does not waive Defendant's privacy interest; it makes prompt, narrow interim relief more important. Defendant asks only that the Court maintain restricted access to the specified portions of the Complaint and Exhibit A pending a prompt hearing. That measure is limited, reversible, and preserves public access to the case and its merits pending the Court's determination. Defendant does not address the Response's discussion of unrelated federal proceedings (Response ¶ 2), which has no bearing on the Rule 2.420 analysis.

## VI. REQUESTED RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter an order:

(a) maintaining temporary restricted access to the unredacted Complaint and Exhibit A [Filing No. 255726911] pending a prompt hearing on the Motion;

(b) directing Plaintiff to file, within a time set by the Court, a public redacted version of the Complaint and Exhibit A, or alternatively permitting Defendant to lodge a proposed redacted version for the Court's approval;

[3] Defendant's counsel waived service of process on September 15, 2026 representing that he and his client were in possession of the complaint as of September 11, 2026. This was only 17 days before the emergency motion was filed. Further, contrary to Plaintiff's representation, Plaintiff has never emailed a copy of the Complaint to Defendant's counsel.

(c) limiting the redactions to (i) Defendant's residential street address; (ii) parcel, legal-description, and other property identifiers or descriptions that reveal the residence; (iii) Exhibit A and any valuation text, to the extent it identifies the residence; and (iv) any other direct residential-location identifiers;

(d) providing that all substantive allegations, including Plaintiff's allegations about Defendant's wealth, sophistication, and motive stated without residential identifiers, remain publicly available; and

(e) granting such further relief as the Court deems just and proper.

Date: October 4, 2026

Respectfully Submitted,

**EPPERSON & GREENIDGE, P.A.**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
T. 877.445.9261
*/s/ Andrew M. Greenidge*
**ANDREW M. GREENIDGE, ESQ.**
Fla. Bar No. 0016581
andrew@eppersongreenidge.com
greenidgelaw@gmail.com
*Counsel for Defendant Deepika Reddy*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing was filed on October 4th, 2026 electronically with the Clerk of Court through the Florida Court's E-Filing Portal, which will serve all counsel of record including Lorne E. Berkeley, Esq., Berkeley Law, P.A., Lorne@BerkeleyLawFL.com and LegalAssistant@BerkeleyLawFL.com, counsel for Plaintiff.

*/s/ Andrew M. Greenidge*
Andrew M. Greenidge, Esq.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.
_______________________________/

**NOTICE OF FILING CORRECTED SUPPLEMENTAL DECLARATION OF DEEPIKA REDDY**

Defendant, Deepika Reddy, by and through undersigned counsel, hereby files the attached Declaration of Deepika Reddy in support of Defendant's Emergency Motion to Determine Confidentiality of Court Records and for Temporary Restricted Access.

Date: October 4, 2026

Respectfully Submitted,

**EPPERSON & GREENIDGE, P.A.**
20 South Olive Street, Suite 304
Media, Pennsylvania 19063
T. 877.445.9261
*/s/ Andrew M. Greenidge*
**ANDREW M. GREENIDGE, ESQ.**
Fla. Bar No. 0016581
andrew@eppersongreenidge.com
greenidgelaw@gmail.com
*Counsel for Defendant Deepika Reddy*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing was filed on October 4th, 2026 electronically with the Clerk of Court through the Florida Court's E-Filing Portal, which will serve all counsel of record including Lorne E. Berkeley, Esq., Berkeley Law, P.A., Lorne@BerkeleyLawFL.com and LegalAssistant@BerkeleyLawFL.com, counsel for Plaintiff.

*/s/ Andrew M. Greenidge*
Andrew M. Greenidge, Esq.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No. 2026-017336-CA-01**

**BROAD STREET GLOBAL MANAGEMENT LLC,**

Plaintiff,

v.

**DEEPIKA REDDY,**

Defendant.
_________________________________/

**CORRECTED SUPPLEMENTAL DECLARATION OF DEEPIKA REDDY IN SUPPORT OF EMERGENCY MOTION TO DETERMINE CONFIDENTIALITY OF COURT RECORDS AND FOR TEMPORARY RESTRICTED ACCESS**

I, Deepika Reddy, state as follows based on my personal knowledge:

1. I, Deepika Reddy, am the Defendant in this action. I am over eighteen years of age and competent to make this declaration. I submit this Corrected Supplemental Declaration to correct and supplement my earlier declaration, which used a federal verification form. I verify the facts stated in this declaration under penalties of perjury pursuant to section 92.525, Florida Statutes.

2. I reside in Austin, Texas. I do not include my residential street address in this declaration because protecting that information is among the purposes of the relief I seek.

3. I have reviewed the Complaint filed in this action on August 26, 2026 (the “Complaint”). The Complaint contains personal identifying information about me, including references to my residential address and the approximate value of my home. It describes me as living in a “nearly twelve thousand square foot house” and alleges that I reside “in a home valued at approximately $XXXXXXX.” Exhibit A to the Complaint is a property page that identifies the residence by street

address, photographs, parcel or property details, and valuation information. The Complaint thus links my name to a private residence and its alleged size and value.

4. The property is titled in the name of Deepam Home LLC, a limited liability company, and not in my individual name. Before Broadstreet filed the Complaint, to my knowledge, my connection to this residence was not publicly associated with my name in any property records or listing sites. The property is my private residence and is not a public or commercial location.

5. I reviewed an email sent on August 26, 2026, from info@broadstreetglobalfund.com with the subject line "BROADSTREET SUES REDDY." The email was sent by Broad Street Global Fund LLC ("Broadstreet"); I was copied on it; and it attached the Complaint (file "255726911 Complaint.pdf"). The email stated that the lawsuit had been filed against me that day, that "the lawsuit is public record," and that Broadstreet "want[s] the world to know."

6. The email was sent to a large, visible list of recipients that included investors, business contacts, and other individuals associated with the fund. Based on the visible recipient list, I estimate that the email transmitted the Complaint and the personal information it contained to approximately 384 individuals.

7. The Complaint is available on the public electronic court docket, and the August 26 email transmitted the Complaint directly to the recipient list described above. This public and direct dissemination amplified the exposure of my residential and personal information beyond the court docket and made it available to hundreds of people who may not otherwise have accessed the court file. I am concerned that public access to my residential address, property identifiers, or address-linked valuation information could facilitate unwanted visits, harassment, or intrusion into my privacy and could pose a risk to my personal safety and the safety of my family.

8. I am not asking the Court to seal this lawsuit or to keep Broadstreet's substantive allegations from the public. I ask only that the following residential-location information be redacted from the public record or placed under restricted access: (a) my residential street address; (b) property identifiers or descriptions, including photographs or parcel details, that reveal or allow identification of my residence; and (c) valuation information tied or linkable to that address or property. My request is limited to information that, if publicly available, would pose a risk to my privacy or personal safety.

Under penalties of perjury, I declare that I have read the foregoing Corrected Supplemental Declaration and that the facts stated in it are true.

Executed on October 2, 2026.

/s/ *Deepika Reddy*

______________________________

Deepika Reddy

Case 1:26-cv-03156 Document 1-3 Filed 10/14/26 Page 49 of 50

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-017336-CA-01
SECTION: CA06
JUDGE: Milton Hirsch

**BROAD STREET GLOBAL MANAGEMENT LLC**

Plaintiff(s)

vs.

**DEEPIKA REDDY**

Defendant(s)

______________________________/

**PROPOSED ORDER**

**THIS CAUSE** came before the Court on Defendant's Emergency Motion to Determine Confidentiality of Court Records and for Temporary Restricted Access. Having heard oral arguments, reviewed the motion, any response, the court file, and applicable law, and being otherwise fully advised, the Court finds that the motion was filed in good faith; the information described below warrants temporary restricted access and confidentiality to the extent stated; the identities of the parties and the docket are not confidential; and no less restrictive measure will adequately protect the interests identified in the motion.

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Pending further order, the Clerk shall temporarily restrict public access to the portions of the complaint and Exhibit A that disclose Defendant's residential street address. Access to the restricted information may be provided to the Court, the Clerk, the parties and counsel of record, and other persons authorized under Rule 2.420; all non-confidential portions of the record shall remain publicly accessible.
2. The Court determines that the specified residential-address is confidential under Florida Rule of General Practice and Judicial Administration 2.420 and directs the Clerk to redact or otherwise restrict public access to that information in the complaint, Exhibit A, and any other publicly filed document in which it appears.

3. The Court makes no ruling on the admissibility of the unredacted versions of these documents during the trial on this matter.

4. This Order is entered without prejudice to Defendant's reserved objections to personal jurisdiction, service of process, venue, subject-matter jurisdiction, removal rights, Anti-SLAPP defenses, and all merits defenses. Defendant's limited appearance for purposes of this motion shall not be construed as a general appearance, consent to jurisdiction, or waiver of any defense. The temporary restriction shall remain in place until the redacted filings are accepted, further order of the Court, or other disposition under Rule 2.420.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 8th day of October, 2026.

2026-017336-CA-01 10-08-2026 9:41 AM

2026-017336-CA-01 10-08-2026 9:41 AM
Hon. Milton Hirsch

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

- Andrew M Greenidge: greenidgelaw@gmail.com
- Lorne E. Berkeley: Lorne@BerkeleyLawFL.com
- Lorne E. Berkeley: Legalassistant@BerkeleyLawFL.com
- Andrew M. Greenidge: agreenidge@kdvlaw.com
- DEEPIKA REDDY: deepamhome68@gmail.com